**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DIB
F. #2026R00188

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 26, 2026

By ECF and E-Mail

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. William Brown
Criminal Docket No. 26-190 (LDH)

Dear Judge DeArcy Hall:

On October 2, 2026, the defendant William Brown pleaded guilty before the Honorable Taryn A. Merkl, United States Magistrate Judge, to count one of the indictment in the above-captioned case. This Court has scheduled the defendant's sentencing for April 9, 2027.

By this letter, the government respectfully requests that the Court accept the defendant's guilty plea in connection with the above-captioned case. The government encloses as Exhibit A a transcript of the plea hearing, during which Judge Merkl recommended that this Court accept the defendant's guilty plea (Tr. at 37) and a proposed Order.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: *David I. Berman*
Kaitlin T. Farrell
Benjamin Weintraub
David I. Berman
Assistant United States Attorney
(718) 254-6167

cc: Clerk of Court (LDH) (by E-Mail and ECF)
Counsel of Record (by ECF)

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA, : 26-CR-190 (LDH)

Plaintiff,

-against- : United States Courthouse
: Brooklyn, New York

WILLIAM BROWN,
also known as
Willo,

Friday, October 2, 2026
4:00 p.m.

Defendant.

- - - - - - - - - - - - - - - -X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEA HEARING
BEFORE THE HONORABLE TARYN A. MERKL
UNITED STATES MAGISTRATE DISTRICT JUDGE

A P P E A R A N C E S:

For the Government: JOSEPH NOCELLA, JR., ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
BY: DAVID I. BERMAN, ESQ.
Assistant United States Attorney

For the Defendant: THE EBANKS LAW FIRM, PLLC
20 Vesey Street
Suite 503
New York, New York 10007
BY: ALBERTO A. EBANKS, ESQ.

Court Reporter: DAVID R. ROY, RPR
225 Cadman Plaza East
Brooklyn, New York 11201
drroyofcr@gmail.com

Proceedings recorded by Stenographic machine shorthand, transcript produced by Computer-Assisted Transcription.

P R O C E E D I N G S

--ooOoo--

(In open court.)

THE COURTROOM DEPUTY: All rise.

THE COURT: Good afternoon, everybody. You may be seated.

Thank you.

THE COURTROOM DEPUTY: This is criminal cause for a plea hearing in Docket Number 26-CR-190, USA versus William Brown.

Will the parties please state your appearances for the record, starting with the Government.

MR. BERMAN: Good afternoon, Your Honor. David Berman for the Government.

THE COURT: Good afternoon.

MR. EBANKS: Alberto Ebanks on behalf of Mr. Brown. Good afternoon, Your Honor.

THE COURT: Good afternoon. I would also like to say good afternoon to you, as well, Mr. Brown.

THE DEFENDANT: Good afternoon, Your Honor.

THE COURT: Before we get started, sir, the first thing I always do is just to confirm that you speak and understand English.

Is that correct?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: All right, thank you. If at any point anybody says something during these proceedings that you don't hear fully or you need to have repeated or rephrased for any reason at all, will you please just let your lawyer know and we will take the time to do that.

Okay?

THE DEFENDANT: All right. Thank you, Your Honor.

THE COURT: No problem.

So I'm advised, sir, that you intend to plead guilty to one of the charges that was alleged in the Indictment that was filed against you.

Is that correct?

THE DEFENDANT: Yes, it is, Your Honor.

THE COURT: This is a very serious decision, so I need to make sure that you understand all of your rights and the consequences of your guilty plea. I need to ask you some questions, and I will require that your answer to those questions be made under oath.

So at this time, my courtroom deputy will ask you to rise and severe you in.

THE COURTROOM DEPUTY: Please raise your right hand.

(Witness sworn.)

THE DEFENDANT: I do.

THE COURTROOM DEPUTY: Thank you.

THE COURT: Thank you. You may be seated.

THE DEFENDANT: Thank you, Your Honor.

**W I L L I A M R Y A N B R O W N,**

called as a witness having been first duly sworn/affirmed, was examined and testified as follows:

THE COURT: Do you understand, sir, that having been sworn, your answers to my questions will be subject to the penalties of perjury or making a false statement if you do not answer them truthfully?

THE DEFENDANT: I understand, Your Honor.

THE COURT: What that could mean is that if you were to answer falsely to any of my questions, the Government could seek to prosecute you for perjury or making a false statement and could use any of the statements that you make here today that they allegation are false as evidence in support of that prosecution.

Do you understand that?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: I also need to make sure, Mr. Brown, that you understand that this case is I assigned to The Honorable LaShann Dearcy Hall. She is the judge who will sentence you and make the ultimate decision about whether or not to accept your guilty plea. If you wish, you have the absolute right to plead guilty before her, and there will be no prejudice to you. Or if you wish, I will listen to your

plea here today as we have discussed, and a transcript will be made by the court reporter and Judge Dearcy Hall will review that transcript.

Do you understand that process?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: Do you wish to give up your right to have Judge Dearcy Hall hear your plea and instead proceed today before me?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you making your decision to proceed here today before me knowingly and voluntarily?

THE DEFENDANT: Yes you were.

THE COURT: Has anyone threatened you or have any promises been made to you to induce you to plead here before me?

THE DEFENDANT: No, Your Honor.

THE COURT: All right. I have before me a form that has been marked with today's date as Court Exhibit 2 with the docket number, and it is entitled Consent to Have Plea Taken Before United States Magistrate Judge Taryn Merkl, and it has a number of signatures on it. I'm going to hold it up. If it's too far down, we'll pass it down. Okay?

THE DEFENDANT: Okay.

THE COURT: Is that your signature on the form, Mr. Brown?

THE DEFENDANT: Yes, it is, Your Honor.

THE COURT: And Mr. Ebanks, is that your signature as counsel for the Defendant?

MR. EBANKS: Yes, it is, Your Honor.

THE COURT: Thank you.

And, Mr. Berman, is that your signature as well on the document?

MR. BERMAN: Yes, Your Honor.

THE COURT: Thank you.

Prior to signing the form, Mr. Brown, did you read it?

THE DEFENDANT: Yes, I did, Your Honor.

THE COURT: Did you have the opportunity to discuss it with your attorney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: So it reiterates what we just went over, that you're consenting to have your plea taken before me.

I just want to confirm that you're making that decision voluntarily and of your own free will?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Thank you.

I find that the Defendant fully understands his right to proceed before the district court judge and is knowingly and voluntarily waiving that right. So I will endorse that form as well, and it will be docketed and made

part of the court record.

Mr. Brown, before accepting your plea and recommending to Judge Dearcy Hall that she do so, there are a number of questions that I must ask you to assure myself, and ultimately Judge Dearcy Hall, as well, that the plea is valid. If you do not understand any of my questions please just say so and I will reword them, like we talked about at the very beginning.

Could you please just tell me your full name to start.

THE DEFENDANT: William Ryan Brown.

THE COURT: And can you just spell your first and last name for me?

THE DEFENDANT: Yeah. W-I-L-L-I-A-M; last name, B-R-O-W-N.

THE COURT: Okay. How old are you?

THE DEFENDANT: Thirty-nine.

THE COURT: What schooling or education have you had?

THE DEFENDANT: Bachelor's Degree.

THE COURT: Where did you go?

THE DEFENDANT: Bellevue University.

THE COURT: What did you study?

THE DEFENDANT: Business administration.

THE COURT: Okay.

All right. Are you under the care of a doctor or a psychiatrist for any reason?

THE DEFENDANT: No, Your Honor.

THE COURT: In the past 24 hours, have you taken any drugs, medicine, or pills, or drunk any alcohol?

THE DEFENDANT: No, Your Honor.

THE COURT: Have you ever been hospitalized or treated for drug addiction, alcoholism, or mental or emotional problems?

THE DEFENDANT: No, Your Honor.

THE COURT: And as we sit here, is your mind clear.

THE DEFENDANT: Yes, it is, Your Honor.

THE COURT: Do you understand what is going on?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand everything that I've asked?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Thank you.

So now I would like to discuss your rights. Mr. Brown, as the Defendant in your criminal case, you have the right to be represented by an attorney at every stage of the proceedings, all the way from when you were first arrested through trial and appeal. If you cannot afford an attorney, the Court will appoint an attorney to represent you.

Do you understand those rights?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is Mr. Ebanks, who is seated next to you, your attorney, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If at any time you wish to consult with him regarding anything at all, please just alert him or me and we will take a short recess if you need to discuss anything you would like to discuss privately with your attorney.

Do you understand?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you had any difficulty communicating with Mr. Ebanks?

THE DEFENDANT: No, Your Honor.

THE COURT: Have you had enough time to discuss with your attorney the decision to enter a guilty plea in this case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you fully satisfied with the representation and advice that your attorney has provided to you thus far?

THE DEFENDANT: Yes, I am, Your Honor.

THE COURT: Mr. Ebanks, have you discussed the matter fully with your client?

THE DEFENDANT: I have, Your Honor.

THE COURT: Have you had any difficulty in

communicating with him?

MR. EBANKS: No.

THE COURT: Are you satisfied that he understands the rights he would waive by pleading guilty?

MR. EBANKS: Yes, I am.

THE COURT: In your professional judgment, is he capable of understanding the nature of these proceedings?

MR. EBANKS: He certainly is, Your Honor.

THE COURT: Do you have any doubts whatsoever about his competence to plead at this time?

MR. EBANKS: No, Your Honor.

THE COURT: Have you discussed with him the maximum sentence and fine that could be imposed in this case?

MR. EBANKS: Yes.

THE COURT: Have you discussed with him the operation of the sentencing guidelines and how the guidelines could affect his case?

MR. EBANKS: Yes, Your Honor.

THE COURT: And have you also discussed the other potential penalties and consequences that are outlined in his plea agreement.

MR. EBANKS: Yes.

THE COURT: Thank you very much. You may be seated.

So as I understand it, Mr. Brown, the intention based upon reading the written agreement between the parties,

is that you intend to plead guilty to Count 1 of the Indictment, which charges a wire fraud conspiracy. I just want to first take a look at the Indictment with you.

Have you had an opportunity, sir, to fully review the Indictment that has been filed against you, including the introduction and all of the other charges?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you believe that you understand what was alleged by the Grand Jury in this Indictment with respect to all of the charges?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you had a conversation with your attorney where he went over with you what the Government would have to prove your guilt if you were to go to trial on this Indictment?

THE DEFENDANT: Yes, Your Honor.

THE COURT: So as I understand, Mr. Ebanks, your client intends to plead to Count 1.

Is that correct?

MR. EBANKS: That is correct, Your Honor.

THE COURT: All right. So Count 1 specifically alleges the conspiracy to commit wire fraud, and it alleges that in or about and between December of 2023 and April of 2024, you and others enter into this agreement, or conspiracy. In order to prove your guilt of the conspiracy to

commit wire fraud at trial, the Government would have to prove two essential elements: First, that two or more people formed an unlawful agreement to commit the crime of wire fraud in violation of *18 U.S.C. 1343* as alleged in the Indictment. That's the first element, that two or more people made an agreement; and that you knowingly and intentionally joined that conspiracy. The object of that agreement is this wire fraud.

And in order to prove what the wire fraud was about, the Government would have to show basic elements of wire fraud as the goal or purpose of the parties' agreement. The elements of wire fraud under *18 U.S.C. 1343* are: First, that there was a scheme or artifice to default or obtain money or property by materially false and fraudulent pretenses, representations, or promises;

Second, that the Defendant knowingly and willfully participated in this scheme or artifice to defraud with knowledge of its fraudulent nature and specific intent to defraud;

And 3, in execution of that scheme, the defendant used or caused the use of interstate wires.

So because it is alleged as a conspiracy, the Government would have to prove those first two things, that two or more people formed an agreement and that you joined that agreement, and that agreement was to do the thing that I

have just described, commit that wire fraud using interstate means. And interstate means can be a number of things: Emails, telephone calls, faxes, text messages, anything that causes electronic communications to cross the states.

Do you understand the essential elements of what you would have to -- or what the Government would have to prove if you were to go to trial on Count 1, the named crime to which you intend to plead guilty?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Berman, do you think there is anything else that I need to add as to the essential elements of what the Government would have to prove?

MR. BERMAN: No, Your Honor.

THE COURT: Mr. Ebanks, do you think there's anything else that I should add?

MR. EBANKS: No, Your Honor.

THE COURT: All right. Thank you.

What I would like to do now is continue discussing your rights, including the rights that you have and the rights that you would give up if you plead guilty. First of all, you have the right to plead not guilty.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: What that means is that even if you are guilty, you have a choice. It is up to you to decide what to

do, not your lawyer, nor anyone else. You may withdraw your previously entered plea of not guilty and plead guilty, or you may choose to go to trial simply by persisting in your plea of not guilty.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If you plead not guilty to the charges, you would have the right under the Constitution and laws of the United States to a speedy and public trial before the jury with the assistance of your attorney on all of the charges contained in the Indictment.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: At any trial, you would be presumed innocent. You would not have to prove that you were innocent. Under our legal system, it is the Government that has the burden to prove beyond a reasonable doubt that a Defendant is guilty of the crimes charged. And if at any trial the Government failed to meet that burden of proof, the jury would have to find you not guilty.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: During the course of trial, witnesses for the Government will have to come to court and testify in your present. Your lawyer would have the right to

cross-examine each witness, to object to evidence offered by the Government, and put on evidence on your behalf.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Your lawyer would also have the right to subpoena, or compel, witnesses to come to court to testify.

Do you understand that, as well?

THE DEFENDANT: Yes, Your Honor.

THE COURT: At trial, you would have the right to testify on your own behalf, but only if you wanted to. Under the Constitution and laws of the United States, you cannot be forced to testify if you don't want to because in our country, no person can be forced to be a witness against himself. So if you have a trial and did not testify, Judge Dearcy Hall would instruct the jury that they could not hold that against you.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If instead of going to trial you plead guilty to one of the crimes charged and Judge Dearcy Hall accepts your guilty plea, you would be giving up your Constitutional right to a trial and all of the other rights that I just discussed with you. There would be no trial in this case of any kind. The Court would simply enter a judgment of guilt based upon your plea.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If you do plead guilty, I'm going to ask you questions about what you did in order to satisfy myself, and ultimately Judge Dearcy Hall, that you are, in fact, guilty of the crime to which you intend to plead. You would need to answer my questions and acknowledge your guilt. By doing that, you would be giving up your right not to testify against yourself.

Do you understand that?

THE DEFENDANT: I do, Your Honor.

THE COURT: Also, if you enter a plea of guilty today and admit the criminal construct alleged in the charge to which you intend to plead, and Judge Dearcy Hall accepts your plea, you could not appeal to a higher court on the question of whether you committed that crime. That determination would be over as a result of your guilty plea.

Do you understand that, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Brown, are you willing to give up your right to a trial and all of the other rights that I have just discussed with you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. I have before me a written agreement between yourself and the Government. And the

current final version of the agreement has been marked as Court Exhibit 1 with today's date. The signatures are pretty big on the last page, so I'm going to hold it up, if that's okay with everybody. (Indicating.) On the final page of Court Exhibit 1, and if it's too far away, I will pass it down.

Mr. Brown, is that your signature on the final page on the line for the Defendant?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And, Mr. Ebanks, is this signature for the attorney for the Defendant?

MR. EBANKS: Your Honor.

THE COURT: Thank you.

And, Mr. Berman, is that your signature on the line for the Assistant United States Attorney?

MR. BERMAN: Yes, Your Honor.

THE COURT: And it looks as though Supervisor, Assistant United States Attorney Jonathan Lax signed it as well?

MR. BERMAN: Correct.

THE COURT: All right. Thank you very much.

Mr. Brown, prior to signing this agreement, did you read it carefully?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: And did you discuss it with your

attorney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you believe that you understand all of the provisions of the agreement?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: Mr. Berman, does the Government represent the written agreement before the Court marked as Court Exhibit 1 contains the entirety of any understanding that the U.S. Attorney's Office has reached with this Defendant?

MR. BERMAN: Correct, Your Honor.

THE COURT: Mr. Ebanks, have you read and reviewed the written agreement with your client?

MR. EBANKS: Yes, Your Honor.

THE COURT: Can you also represent that the written agreement that has been marked as Court Exhibit 1 contains the entire agreement that your client has entered into with the Government?

MR. EBANKS: Yes.

THE COURT: Thank you.

Mr. Brown, as you sit here now, is there anything in the agreement that's still not clear to you or about which you have questions?

THE DEFENDANT: No, Your Honor.

THE COURT: So as I'm sure your lawyer warned you,

we're going to go over it carefully, as well. If at any time, again, you want to speak with him or you have any question about it, you need to ask him, you may ask him; if you need to ask me, you can ask me directly. But I always recommend that you first speak with your lawyer before addressing the Court with respect to an answer to a question. Okay?

THE DEFENDANT: All right. Yes, Your Honor.

THE COURT: Okay. Taking a look at the written agreements, it does indicate that you have agreed not to appeal.

Do you have it before you, sir? Can you turn to Paragraph 4?

THE DEFENDANT: (Complies.) All right.

THE COURT: All right. So in Paragraph 4, it just -- it explains that you have agreed not to file an appeal or otherwise challenge by petition, pursuant to *28 U.S.C., 2255*, or any other provision, your conviction or the incarceratory portion of your sentence in the event that the Court imposes a term of imprisonment of 14 months or below.

Do you see that language, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that because of that language, you would not be permitted to file any type of collateral attack or petition seeking to get out of jail early

or to have your sentence changed if Judge Dearcy Hall sentences you to 14 months or below?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You also cannot file an appeal challenging your conviction or sentence if, again, sentenced to 14 months or below.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: In addition, this language continues on with you have agreed that you will not file an appeal or otherwise challenge the duration of your supervised release if it is less than or equal to the statutory maximum.

Do you understand that that is also part of your agreement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: What that means is that if Judge Dearcy Hall gives you less than or equal to statutory maximum term of supervised release, you can't appeal that portion of her judgment.

Do you understand that, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You also couldn't try to collaterally attack it later by bringing a petition for *habeas corpus* or writ or error *coram nobis*. None of those petitions are available to you because of that language to attack the

supervised release portion.

Do you understand that, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: In addition, you are agreeing that you will not appeal or challenge any condition of supervision -- or I'm sorry. Withdrawn.

-- any condition of supervised release about which the Defendant has notice prior to sentencing and an object to object.

Do you understand that that is also part of your agreement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: So what that means is that if you get notice of the various conditions that the Probation Department is recommending before sentence and you have an opportunity to object to that in a presentencing letter or at the sentencing hearing itself and you do not do so, you cannot come back later on appeal and ask the Court of Appeals to say that that portion of your sentence was in error.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You also could not try to attack that portion of your sentence in any other way.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right.

Is there anything else you think I should cover as to the appellate waiver, Mr. Berman?

MR. BERMAN: No, Your Honor.

THE COURT: Mr. Ebanks?

MR. EBANKS: No, Your Honor.

THE COURT: Okay.

All right. Next Mr. Brown, based upon the presentencing report, I think I know the answer, I just want to confirm it. Are you a United States citizen?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is there any reason to have question about that, Mr. Berman?

MR. BERMAN: No, Your Honor.

THE COURT: All right.

I only ask because if you were not a United States citizen, there are other potential consequences to your plea that could be relevant, but since you are a United States citizen, we will continue on with the next discussion, which is about the penalties to which you are exposed as a result of your crime to which you intend to plead.

So if I could ask you to turn to the first page of your written agreement?

THE DEFENDANT: (Complies.)

THE COURT: The statute that you are accused of

violating in Court 1, carries a maximum sentence of 20 years. There is no minimum sentence. In addition, the maximum supervised release term is 3 years, to follow any term of imprisonment. And do you understand, sir, that supervised release is sort of like being on probation? You must serve your sentence to a term of employment and then when released, you could continue on what's called supervised release whereby you have a probation officer, and you have to abide by a number of rules and conditions.

Do you understand, sir, the nature of supervised release?

THE DEFENDANT: Yes, Your Honor.

THE COURT: One of the things that is important is that there is another clause in Section -- or Paragraph 1, that specifies that if a condition of release is violated, meaning you violate one of those rules that the Probation Department has as part of your supervision or that is a part of your sentence, you could be sentenced to up to two more years in prison without credit for pre-release imprisonment or time previously served on post-release supervision.

Do you understand that, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: In addition, there is a possibility of a fine in this case in the amount of greater than -- whatever

number is greatest of the following: The greater amount of $250,000 or twice the gross gain or twice the gross loss.

Do you understand that that fine is a possible sentence in this case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: I also note that restitution is mandatory, and it is not specified yet in your agreement, and the restitution amount will be determined at or around the time of sentencing.

Do you understand that that is also part of your agreement, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: I would like to ask you to turn to Paragraph 14 of your agreement, because Paragraph 14 specifies that in addition to the restitution that would attach to the count of conviction in Count 1, you're agreeing in Paragraph 14 that Judge Dearcy Hall can sentence you to make full restitution to all victims harmed by your relevant conduct.

Do you understand that that's part of your agreement, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: What that provision allows is that Judge Dearcy Hall will be able to sentence you to a restitution order that covers all potential losses associated

with your relevant conduct, even if it goes beyond the conduct of Count 1, the crime to which you intend to plead.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Is there anything else that I should advise as to restitution in your judgment, Mr. Berman?

MR. BERMAN: No, Your Honor.

THE COURT: Mr. Ebanks?

MR. EBANKS: No, Your Honor.

THE COURT: All right. Thank you.

I would also like to note that the next provision back on Page 2, if you want to turn back to the Penalty Section, there is a $100 special assessment that the Court must impose in every case, and there are criminal forfeiture provisions in your agreement that are specified in Paragraphs 6 through 12. Those criminal forfeiture paragraphs anticipate that you have agreed to the entry of forfeiture money judgment in the amount of $2,000.

Do you see that in Paragraph 6 of your agreement, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: In addition, and I would just note, that the paragraphs surrounding the forfeiture money judgment discussion and the restitution paragraphs impose a number of

requirements that you provide information and documents to the U.S. Attorney's Office. Do you understand that all of that is a part of your agreement, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. And now I would like to discuss with you the way that federal sentencing works. And as I'm sure your lawyer has discussed with you, at the time of sentencing Federal District Judges have a good bit of discretion, but no district judge has complete discretion at sentencing. And this is what I mean: There are several things that every district judge must consider, including the statutory penalties set forth by law, the applicable sentencing guidelines, and many other factors that congress has set forth at *Title 18 United States Code*, *Section 3553(a)*. Those factors include, but are not limited to, the facts of your case, your personal history and circumstances, the need for the sentence imposed to reflect the seriousness of the offense, to promote deterrence and respect for the law, and to provide just reimbursement for the defense. The sentencing court may also consider the kinds of sentences available and what type of sentence is appropriate to provide you, the Defendant, with any needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. There are many, many things the sentencing court may consider in deciding what sentence to impose in your

case.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: As I mentioned, all sentencing judges must -- in the Federal System, must consider the advisory sentencing guidelines issued by the United States Sentencing Commission. They help provide guidance to determine what a reasonable sentence would be in a criminal case? At this time, the sentencing guidelines are only advisory, but they do remain an important consideration at sentencing and Judge Dearcy Hall must take them into account in determining what sentence to give to you.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you discussed the sentencing guidelines with your lawyer and how those guidelines are calculated?

THE DEFENDANT: Yes, I have, Your Honor.

THE COURT: The sentencing court must also consider whether there are any factors present that would allow her to vary from the advisory guidelines and impose a guideline -- or a sentence that might be above or below what the guidelines recommend.

Do you understand that as well?

THE DEFENDANT: Yes, Your Honor.

THE COURT: In addition as I noted, all sentencing judges must consider all of the factors set forth in *Title 18, Section 3553(a)* in order to determine what sentence may be appropriate. The bottom line is that until the date of sentencing, you cannot know with certainty what the guidelines will be or whether there will be grounds for Judge Dearcy Hall to impose a sentence that is different from what the guidelines recommend.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Prior to your sentencing hearing, Judge Dearcy Hall will receive a Presentence Report from the Probation Department which will recommend a guidelines range. Your counsel will have the opportunity to read the Presentence Report and challenge the facts and guideline calculations as reported by the Probation Department.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Even though there's a -- and I'm emphasizing that we don't know with precision what the guidelines may be, it is important to have an understanding of what the possible guideline sentence could be based upon the facts available at this point in time. But please remember what we just discussed, this is an estimate, and it may or may not be what Judge Dearcy Hall ultimately finds at sentencing.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Thank you.

Mr. Berman, are you prepared to provide a guideline estimate for the Defendant?

MR. BERMAN: Yes, Your Honor.

THE COURT: Please do so.

MR. BERMAN: And if you don't mind, Your Honor, I'm just going to read from the guidelines.

THE COURT: No worry.

So should we direct Mr. Brown to Page 2, then?

MR. BERMAN: Yes, Your Honor.

THE COURT: Go ahead.

MR. BERMAN: So the Government estimates, and this is, again, with the current guidelines. Obviously, the Government is aware there are some proposed amendments that may or may not go into effect. But under the current guidelines, there is a base offense level of 7, and that's based on *Sentencing Guideline Sections 2X1.1* and *2B1.1(a)(1).* There's a 10-point enhancement here for a loss amount under a theory of intended loss of greater than $150,000. And that is with respect to *Guideline Section 2B1.1(b)(1)(F)*. There is a 2-point reduction, Your Honor, for a minor-participant role by this Defendant under *Section 3B1.2(b)*. And there is also a 2-point reduction, Your Honor, as Defendant is a 0-point

offender under *Guideline Section 4C1.1*.

That leaves for a total Offense Level 13, Your Honor. And with 3 points -- I'm sorry, 2 points for acceptance, given that the offense level is under 16 here, not an official point, but given a 2-level reduction under *3E1.1A*, that would be an offense level of 11. And assuming a Criminal History Category I, the range of imprisonment for that offense level would be 8 to 14 months.

THE COURT: All right. Thank you.

So the bottom line is that in the parties' written agreement, the Government is estimating that the sentencing guidelines in your case would result in a term of imprisonment in the range of 8 to 14 months, assuming that Judge Dearcy Hall agrees with your guidelines calculation, which is not clear.

Do you understand that, sir?

THE DEFENDANT: I do, Your Honor, yes.

THE COURT: I also note that there's a sentence in your agreement in Paragraph 2 that states, The Defendant stipulates to above-guidelines calculation.

Do you see that sentence, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that that basically means that you agree the Government's estimate is correct based on the facts known at this point in time?

Do you understand that you have agreed to this guideline estimate?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Thank you.

Once again, Mr. William -- I'm sorry, Mr. Brown, it is important for you to know that Judge Dearcy Hall is not bound by the parties' estimate under the sentencing guidelines or what your -- or what the Government or your attorney estimate the sentencing guideline to be at the time of sentencing. Judge Dearcy Hall can sentence you according to her interpretation of the sentencing guideline and the law.

Do you understand that, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And although Judge Dearcy Hall will certainly consider in the sentencing guidelines as one factor in determining what your sentence will be, she ultimately has the authority under the law to decide upon and impose a sentence that is more or less severe than the sentencing guidelines.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And even if the sentence is more severe that, in and of itself, may not form the basis for a successful appeal at sentencing.

Do you understand that as well?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Finally, under the sentencing guideline system in Federal Court, there is no parole board or parole commission, nothing like that exists. What as a practical matter this means for you is that whatever sentence you do receive from Judge Dearcy Hall if she sentences you to a term of imprisonment, it will be pretty close to the actual amount of time that you need to spend in prison.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You would not have the opportunity to appeal to a parole board or to a parole commission to get out early because that, sir, simply does not exist in the Federal System.

Do you understand, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Mr. Brown, other than the representations and promises contained in the written agreement, has anyone else made any promises to you that are causing you to plead guilty today?

THE DEFENDANT: No, Your Honor.

THE COURT: Mr. Berman, do you think there is anything else that you think I should inquire about as to the agreement or the Defendant's rights or anything at all.

MR. BERMAN: No, Your Honor.

THE COURT: Mr. Ebanks, do you think there is anything else that I should cover?

MR. EBANKS: No, Your Honor.

THE COURT: Okay.

All right. So, Mr. Brown, do you have any questions for me that you want to ask about the charge or rights or anything else relating to this matter that might not be clear?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you ready to plead?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Ebanks, do you know of any reason why your client should not enter a plea of guilty to Count 1?

MR. EBANKS: I do not, Your Honor.

THE COURT: Are you aware of any legal defense to the charge?

MR. EBANKS: No.

THE COURT: Thank you.

Mr. Brown, how do you plead to Count 1 of the Indictment, guilty or not guilty?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: Are you making your plea of guilty voluntarily and of your own free will?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Has anyone threatened or forced or pressured you to plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Has anyone promised you what sentence you will receive if you do plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Would you please tell me in your own words what you did in connection with Count 1 that would make you guilty of that offense.

THE DEFENDANT: Yes, Your Honor.

Between on or about December '23rd and April of 2024, I agreed with others to cause bets to be placed with sportsbooks based on insider information. Three of these bets were made with the knowledge that Malik Beasley of the Milwaukee Bucks would tailor his performance to underperform or overperform relative to the lines set by sportsbooks. It was the intent of the conspiracy to obtain money from the sportsbooks by winning the bets that were placed upon insider information.

THE COURT: All right. In connection with those bets, were platforms and interstate wires used that would cause communications to be transmitted across state lines?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is there anything on that score that you would like to proffer, Mr. Berman?

MR. BERMAN: Yes, Your Honor, if I may?

THE COURT: Go ahead.

MR. BERMAN: The first thing I want to proffer is I believe the Defendant said December 23rd. I think he meant to say December 2023; in other words, the --

THE DEFENDANT: Yeah.

MR. BERMAN: -- you know, the period of the Indictment charged. If Your Honor would just confirm.

THE COURT: I will confirm. So I heard that as well.

THE DEFENDANT: Yeah.

THE COURT: So, Mr. Brown, do you agree that your conduct occurred as -- between December 2023 and April of 2024?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Thank you.

Next, Mr. Berman?

MR. BERMAN: Your Honor, and just to be abundantly clear, the Government at trial would -- would show through evidence, including witness testimony, electronic communication, that Mr. Brown and his co-conspirators planned the scheme, including with Mr. Beasley, through a series of telephone and text messages in advance of games in that, not Mr. Brown, but there were co-conspirators, multiple, who conducted themselves within the Eastern District of New York during the conspiracy, including but not limited, to placing wagers and making text communications.

THE COURT: Okay.

So do you agree, Mr. Brown, that there is electronic communications that were used to set up these bets, including telephone calls and text messages?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And, Mr. Ebanks, do you have any quarrel with the Government's representation that venue is appropriate because some of the participants in the conspiracy were here in the Eastern District of New York?

MR. EBANKS: That's accurate, Your Honor.

THE COURT: Okay.

All right. So, Mr. Brown, what I just asked your lawyer is only a legal question, right, which is venue under our constitution normally requires that people be charged in the place where they committed the offense. But if there's a conspiracy, it can be charged where the conspiracy occurred. So what the Government is saying is that some of the co-conspirators were here in the Eastern District of New York, which includes Brooklyn, Queens, Staten Island, and Long Island.

Do you agree with that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Thank you.

Is there anything else, Mr. Berman?

MR. BERMAN: No, Your Honor, that's sufficient for

the Government.

THE COURT: Okay.

All right. So based on all of the information given to me, I believe that the Defendant is acting knowingly and voluntarily, and that he fully understands the charges against him, his rights, and the consequences of his plea, and that there is a factual basis for his plea to Count 1 of the underlying Indictment. It is, thus, my recommendation to Judge Dearcy Hall that she accepts Mr. Brown's plea to Count 1.

I have been informed that the sentencing has been set for April 9th of 2027 12 o'clock.

Is that consistent with what the Government knows, Mr. Berman?

MR. BERMAN: Yes, Your Honor.

THE COURT: All right.

Okay. So prior to that, you will be contacted by the Probation Department so that they can prepare that Presentence Report and talk to them. Obviously, work with your lawyer to make sure that they get full information so that Judge Dearcy Hall can be fully prepared at the time of the sentence.

Is there anything else to do today on the record, Mr. Berman?

MR. BERMAN: No, Your Honor.

THE COURT: Mr. Ebanks?

MR. EBANKS: No not from us, Your Honor.

THE COURT: All right.

MR. EBANKS: Thank you.

THE COURT: All right. Thank you, all. Take care, everybody.

MR. BERMAN: Thank you.

MR. EBANKS: Be well.

THE COURT: And we are off the record.

(Matter concluded.)

--oo0oo--

F. # 2026R00188

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

- against -

WILLIAM BROWN,

Defendant.

– – – – – – – – – – – – – – – – – – – – –X

[PROPOSED]
ORDER ACCEPTING
GUILTY PLEA

Nos. 26-CR-190 (LDH)

Upon a review of the transcript of the guilty plea of the defendant WILLIAM BROWN, offered on October 2, 2026, before the Honorable Taryn A. Merkl, United States Magistrate Judge, in the above-captioned case, this Court finds that the defendant pleaded guilty knowingly and voluntarily, and that a factual basis supports the defendant's plea.

IT IS HEREBY ORDERED that the guilty plea of the defendant, offered on October 2, 2026 before Judge Merkl, is accepted.

Dated: Brooklyn, New York
____________________, 2026

________________________________________
THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK